Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343
F: 866-219-8344

*Attorneys for Plaintiff*
*Bradley Stein*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY STEIN, individually and on behalf of others,<br><br>Plaintiff,<br>v.<br><br>GC SERVICES, LP,<br><br>Defendant. | Case No: '19CV2083 H   KSC<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. **UNLAWFUL RECORDING OF CELLULAR COMMUNICATIONS UNDER CALIFORNIA PENAL CODE SECTION 632.7**<br><br>2. **NEGLIGENCE**<br><br>3. **INVASION OF PRIVACY INTRUSION INTO PRIVATE AFFAIRS**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Bradley Stein, ("Plaintiff"), individually and on behalf of all other similarly situated California residents ("Class Members"), brings this action for damages and injunctive relief against GC Services, LP, ("Defendant"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for unauthorized recordings of conversations with Plaintiff and Class Members without any notification nor warning to Plaintiff or Class Members in violation of the California Invasion of Privacy Act, Cal. Pen. Code § 630, et seq. ("CIPA").

2. The California State Legislature passed CIPA in 1967 to protect the right of privacy of the people of California, replacing prior laws, which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibits intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the CIPA cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

///

7. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## JURISDICTION & VENUE

8. At all times relevant, Defendant conducted business within the State of California. Jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendant, whose principal place of business is in Texas.

9. Plaintiff seeks statutory punitive damages of $5,000 per violation pursuant to Cal. Civ. Code § 1785.31, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

10. Therefore, both diversity jurisdiction and the damages threshold under CAFA are present, and this Court has jurisdiction.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

13. Plaintiff is, and at all times mentioned herein was, a natural person and resident of the State of California, County of San Diego, in this judicial district.

///

14. Defendant is and at all times mentioned herein was, a limited partnership with its principal place of business in Texas. Plaintiff alleges that at all times relevant herein, conducted business in the State of California, in the County of San Diego, within this judicial district.

15. Defendant is, and at all times mentioned herein was, a "person", as defined by Cal. Pen. Code § 632(b).

## FACTUAL ALLEGATIONS

16. Upon information and belief, Defendant records all of its outbound and inbound telephonic conversations.

17. On or around August 16, 2019, at approximately 10:02 am, Defendant called Plaintiff on Plaintiff's cellular telephone from the phone number (619) 272-4315.

18. During the telephonic conversation, Defendant's representative, agent, or employee called "Anna" acknowledged that she was calling on behalf of Defendant and discussed with Plaintiff, information about another person. Anna told Plaintiff he was listed as a reference for that person and tricked Plaintiff into providing location and contact information fort that person.

19. At the inception of the call, Defendant did not advise Plaintiff that the call was being recorded, and Plaintiff did not consent to the call being recorded. Indeed, at no point did Defendant inform Plaintiff that the call was being recorded. Nonetheless, Defendant was in fact recording the entirety of the approximately two-minute-long phone conversation between Plaintiff and Defendant.

20. Plaintiff was completely unaware that the call was recorded.

21. If Defendant had informed Plaintiff that the call was recorded, Plaintiff never would have shared the information about the other person.

22. Defendant surreptitiously recorded its telephone call with Plaintiff on or about August 16, 2019, in which Plaintiff proffered the information, all the while Defendant did not provide any disclosure to Plaintiff regarding its recording.

23. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was shocked, upset and angry that Defendant recorded its telephone conversation with Plaintiff without Plaintiff's knowledge or consent.

24. California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]." California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000.00 for each violation.

25. Defendant recorded or otherwise made an unauthorized connection to Plaintiff's conversation with Defendant and its employee in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1.

26. This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

27. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded communications transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

28. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversation with Plaintiff that the call would be recorded and Defendant did not try to obtain the Plaintiff's consent before such recording.

29. The recording or other unauthorized connection was done over the telephone, without Plaintiff's prior knowledge or consent. Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages mandated by California Penal Code § 637.2(a).

30. Defendant, and its employees and agents, surreptitiously recorded calls made involving Defendant and Plaintiffs. At no time before, during, or after any of the calls were Plaintiffs warned, told, advised or otherwise given any indication by Defendant, its employees or agents, that the calls were recorded.

31. Plaintiff has suffered concrete harm because his privacy has been invaded. Much like trespassing to real property, which has been illegal for hundreds of years, the invasion itself is the harm.

32. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

33. Plaintiff seeks statutory damages and injunctive relief under California Penal Code § 637.2.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this lawsuit as a class action on behalf of himself and Class Members of the proposed Class. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

35. Plaintiff proposes the following Class consisting of and defined as follows:

> All persons in California listed as references in Defendant's records whose cellular telephone conversations were recorded without their consent by Defendant and/or its agent(s) within the one year prior to the filing of the Complaint.

36. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

37. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability

38. <u>Numerosity</u>: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant called thousands of class members statewide and recorded those calls during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

39. <u>Commonality</u>: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

    a. Whether, within the statutory period Defendant recorded any call with the Class Members;
    b. Whether Defendant had, and continues to have, a policy during the relevant period of recording telephone calls made to the Class Members;
    c. Whether Defendant's policy or practice of recording telephone communications with Class Members constitutes an invasion of privacy and a violation of Cal. Penal Code § 632.7;
    d. Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and

**COMPLAINT**                                                         PAGE 7

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

40. <u>Typicality</u> Plaintiff's conversations were unlawfully recorded without a warning of such recording, and thus, Plaintiff's injuries are also typical to Class Members.

41. Plaintiff and Class Members were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recorded the Plaintiff and Class Members' conversations with Defendant, and Defendant invading the privacy of said Plaintiff and Class. Plaintiff and Class Members were damaged thereby.

42. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of the California Penal Code section 632.7. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

43. <u>Predominance</u>: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

44. <u>Superiority</u>: A class action is a superior method for the fair and efficient adjudication of this controversy because:
    a. Class-wide damages are essential to induce Defendant to comply with California law.
    b. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.
    c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.
    d. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.
    e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.
    f. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.
45. Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is also superior to other available methods because as individual Class Members have no way of discovering that Defendant recorded their telephone conversations without Class Members' knowledge or consent.
46. The Class may also be certified because:
    a. the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to
    b. individual Class Members, which would establish incompatible standards of conduct for Defendant;

    c. the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

    d. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

47. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

48. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendant's records.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### KNOWING AND/OR WILLFUL ILLEGAL RECORDING OF CELLULAR PHONE CONVERSATIONS

### UNDER CALIFORNIA PENAL CODE § 632.7

49. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

50. At all relevant times hereto, Defendant had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular telephone communications between Defendant and Plaintiff and Class Members.

51. At all relevant times hereto, Defendant intentionally and surreptitiously recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members.

52. At all relevant times hereto, Defendant had and followed a policy and practice of not advising or warning Plaintiff and Class Members at the beginning of a conversation that their cellular telephone communications with Defendant would be recorded.

53. Defendant failed to obtain consent of Plaintiff and Class Members prior to recording any of their cellular telephone conversations.

54. This conduct by Defendant violated section 632.7(a) of the California Penal Code.

55. Plaintiff and Class Members are entitled to recovery of statutory damages in the amount of $5,000.00 per violation of Cal. Pen. Code § 632.7.

56. Plaintiff's counsel is also entitled to attorneys' fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

57. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

58. Defendant owed a duty to Plaintiff and the Class to exercise reasonable care in recording as well as in engaging in confidential conversations with Plaintiffs and the Class members.

59. Defendant breached its duties by failing to obtain consent from Plaintiff and the Class or in any way warning them that their calls were being recorded. Instead, Defendant covertly recorded cellular telephone calls concerning confidential matters between Defendant and Plaintiff and Class Members without their knowledge and or authorization.

60. But for Defendant's wrongful and negligent breach of its duties owed to Plaintiff and the Class, their privacy would not have been improperly invaded. Defendant's negligence was a direct and legal cause of the intrusion of into Plaintiff and Class' privacy resulting in damages.

61. The injury and harm suffered by Plaintiff and the Class members was the reasonably foreseeable result of Defendant's failure to exercise reasonable care with its disclosures, and which the Cal. Pen. Code § 632.7 was designed to prevent.
62. These damages include, but are not limited to, invasion of Plaintiff and the Class' constitutionally protected right to privacy, emotional distress, shock, and effort and money in responding to Defendant's negligence.

### THIRD CAUSE OF ACTION
### INVASION OF PRIVACY INTRUSION INTO PRIVATE AFFAIRS

63. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
64. Plaintiff and Class Members had a reasonable expectation of privacy while some of the above conduct took place.
65. Defendant intentionally intruded into Plaintiff and Class Members' expectation of Privacy.
66. Defendant's intrusion would be highly offensive to a reasonable person.
67. Plaintiff and Class Members were harmed as a direct and proximate result of these unauthorized and unwarned recorded communications.
68. The conduct of Defendant was a substantial factor in causing Plaintiff and Class Members this harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendant, and Plaintiff and the Class be awarded damages from Defendant, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class; and
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class.

In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

**ILLEGAL TELEPHONE RECORDING OF CELLULAR PHONE CONVERSATIONS UNDER CALIFORNIA PENAL CODE § 632.7**

- Statutory damages of $5,000.00 for each Class Member pursuant to California Penal Code § 637.2(a);
- Reasonable attorneys' fees pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Injunctive relief to prevent the further occurrence of such illegal acts pursuant to California Penal Code § 637.2(b);
- An award of costs; and
- Any other relief the Court may deem just and proper including interest.

**NEGLIGENCE**

- Punitive damages;
- Injunctive relief, prohibiting such conduct in the future; and
- Any other relief the Court may deem just and proper.

**INVASION OF PRIVACY**

**INTRUSION INTO PRIVATE AFFAIRS**

- Special, general, compensatory and punitive damages;
- Injunctive relief, prohibiting such conduct in the future; and
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

69. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**SWIGART LAW GROUP, APC**

Date: October 12, 2019

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com
Attorney for Plaintiff